UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


FRANCISCO MEDINA,

      Petitioner,

-vs-                                      Case No.  6:12-cv-494-Orl-28GJK
                                 (Criminal Case No.:  6:09-cr-251-Orl-28GJK)

UNITED STATES OF AMERICA,

      Respondent.

_____/


## ORDER

      This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 5) filed by Francisco Medina.  The Government filed a timely response (Doc. No. 10) to the amended section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts.*  Petitioner filed a reply (Doc. No. 12).

**A.**    ***Procedural History***

      Petitioner was charged by indictment with making a false statement on a passport application (Criminal Case 6:09-cr-251-Orl-28GJK, Doc. No. 1).[1] Petitioner pled guilty to the charge at a plea hearing conducted by United States Magistrate Judge

---

[1]Criminal Case No. 6:09-cr-251-Orl-28GJK will be referred to as "Criminal Case."

Gregory J. Kelly, who subsequently entered a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. No. 24).  Magistrate Judge Kelly recommended that the plea of guilty be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.  The Court then entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which 1) the report and recommendation was accepted, affirmed, and adopted; 2) Petitioner was found to have knowingly, intelligently and voluntarily entered a plea of guilty; and 3) Petitioner was adjudicated guilty of count one of the indictment (Criminal Case Doc. No. 28).  On September 23, 2010, the Court entered a Judgment In A Criminal Case, placing Petitioner on probation for a term of three years (Criminal Case Doc. No. 30).  Petitioner did not file a direct appeal.

**B.**    ***Analysis of Petitioner's Section 2255 Motion***

A motion under section 2255 must be filed within one-year from the latest of the following:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255. Petitioner's motion is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

As already noted, the judgment of conviction in this case was entered by the Court on September 23, 2010. Because no appeal was filed, the judgment of conviction became final 14 days after the entry of judgment by the Court. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires).[2] Thus, Petitioner's conviction became final on October 7, 2010. As a result, Petitioner had until October 7, 2011, to file a section 2255 motion in this case.

On February 6, 2012, Petitioner filed a Petition for Writ of Error Coram Nobis (Criminal Case Doc. No. 31), which, under the "mailbox rule" would be deemed filed on February 1, 2012, the date when the motion was signed and presumably delivered to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). The Petition for Writ of Error Coram Nobis was construed as a section 2255 motion pursuant to the Court's Order of March 13, 2012 (Criminal Case Doc. No. 32). Because Petitioner's initial section 2255 motion was not filed by October 7 2011, it is time-barred under section 2255 and must be denied.

Petitioner argues that his section 2255 motion is not time-barred because the decisions in "*Padilla* as well as *Lafler, Frye, and Vartelas*, constitute a newly recognized

---

[2]Fed. R. App. P. 4(b)(1)(A), as amended effective December 1, 2009, extended the time for filing a Notice of Appeal in a criminal case from 10 to 14 days.

right, thus tolling the one year period."[1]  *See* Doc. No. 12 at 5.   Petitioner relies on

section 2255(f)(3) for the proposition that his initial section 2255 motion was filed within

one year from date of these decisions and that these decisions recognized a new right

that was retroactively applicable to cases on collateral review.

The *Padilla* case was decided on March 31, 2010, and Petitioner did not file his

section 2255 motion within one year of that date.   Consequently, the *Padilla* decision

does not excuse the untimely filing.   Moreover, the Eleventh Circuit Court of Appeals

has found that "the holdings in *Frye* and *Lafler* do not constitute new rules of

constitutional law.   See *In re Perez*, 682 F.3d 990, 934 (11th Cir. 2012).   In addition,

Petitioner has failed to demonstrate that the *Vartelas* decision is a new rule of

constitutional law.[2]   Thus, Petitioner's argument that *Frye, Lafler,* and *Vartelas* created

new rules of constitutional law such that he should be permitted to file this § 2255

within one year of their release and hence perhaps be timely under § 2255(f)(3) is

without merit.

Equitable tolling is available if the prisoner demonstrates that (1) he has pursued

his rights diligently and (2) an extraordinary circumstance prevented him from timely

exercising his rights.   *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).   In the present

---

[1]These decisions are as follows:  *Padilla v. Kentucky*, 130 S. Ct 1473 (2010);  *Lafler v. Cooper*, 132 S. Ct. 1376 (2012);  *Missouri v. Frye*, 132 S. Ct. 1399 (2012); and  *Vartelas v. Holder*, 132 S. Ct. 1479 (2012).

[2]The *Vartelas* decision held that a provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 dealing with the effect of international travel on an alien's resident status in the United States did not apply retroactively.

4

case, Petitioner has failed to demonstrate that he exercised due diligence in pursing his rights, and there has been no showing of an extraordinary circumstance that prevented him from timely exercising his rights.   Therefore, equitable tolling does not afford Petitioner any relief, and his section 2255 motion is dismissed as untimely.   In sum, Petitioner's case has neither the extraordinary circumstances nor the due diligence on Petitioner's part necessary to toll section 2255's one-year statute of limitations, and his section 2255 motion is denied as time-barred.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Francisco Medina (Doc. No. 5) is **DENIED**.

2.     This case is **DISMISSED** with prejudice.

3.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.   A copy of this Order and the judgment shall also be filed in criminal case number 6:09-cr-251-Orl-28GJK.

4.     The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 36) filed in criminal case number 6:09-cr-251-Orl-28GJK.

5.     This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

6.      Petitioner's Emergency Motion for Stay (Doc. No. 13) is **DENIED** as moot.

7.      Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 14)

is **DENIED** as moot.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this ___ day of

October, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 10/12
Francisco Medina
Counsel of Record

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

6